UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,

                    Plaintiff,

-vs-

HHI STAFFING SERVICES, INC.,

                    Defendant.

DECISION AND ORDER FOR ENTRY OF DEFAULT JUDGMENT

18-CV-6721 CJS

**Siragusa, J.** This breach of contract case is before the Court on diversity jurisdiction. Plaintiff has moved for entry of a default judgment. Motion, Dec. 14, 2018, ECF No. 7. The court will grant the application.

Plaintiff filed a complaint on October 8, 2018, ECF No. 1, and on October 26, 2018, had it personally served on the New York Secretary of State. Return of Service, *attached as* Ex. B to Request for Entry of Default, Nov. 20, 2018, ECF No. 5-4. In the complaint, Plaintiff contends that it issued policies for New York workers' compensation and employers' liability insurance to Defendant and that the policies include provisions for a post-expiration audit based on actual exposure during the effective dates of coverage. Further, the audit resulted in additional premiums due to Plaintiff by Defendant, which Plaintiff demanded, and Defendant has refused to pay, thereby breaching the contract between them. Plaintiff's application shows entitlement to judgment in a sum certain. The Clerk entered a default on November 21, 2018, ECF No. 6.

Plaintiff has also asked for an award of pre-judgment and post-judgment interest on the amount owed under the contract. Plaintiff's memorandum does not address the issue of pre-judgment interest, which is a matter of substantive law of the forum state. *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). The Court finds it appropriate to apply the

substantive law of New York in this case, since the contract was for New York Workers' Compensation Insurance for a New York company. Pursuant to N.Y. C.P.L.R. 5001, pre-judgment interest "shall be recovered upon a sum awarded because of a breach of a performance of a contract…." The Court will award pre-judgment interest at the rate specified in N.Y. C.P.L.R. 5004, which is "nine percentum per annum."

Two different insurance policies are involved here, each of which was "subject to a post-expiration audit based on actual exposure during the effective dates of coverage." The post-expiration audit "can result in additional premiums due to the insurer from the insured or return of premiums due to the insured from the insurer." Totzke Aff. ¶ 11, Dec. 14, 2018, ECF No. 7-2. For the 2016 policy, No. WC-5714475-00, the audit, dated June 28, 2017, revealed that Plaintiff earned a total premium of $201,305.00, that the initial estimate was $113,175.00, and thus an additional $88,130.00 was due. *Id*. ¶ 12; Ex. D.

The audit of the 2017 policy, No. WC-5714475-01, dated August 21, 2018, showed that Plaintiff earned a total premium of $163,009.00, that Defendant had deposited $174,332.00, and thus Defendant had a credit of $11,323.00. *Id*. ¶ 13; Ex. E.

The affirmation of Sheryl Totzke, a legal collections specialist for Plaintiff, at ¶ 14, inexplicably states that the total earned premiums are $364,314.00. This conflicts with Exhibit F attached to her affidavit, which shows an earned premium total of $314,576.00. The exhibit, entitled "Statement of Account," does confirm that total payments received by Defendant from Plaintiff were $174,635.76, leaving an unpaid balance due of $139,940.24 ($314,576.00 - $174,635.76). However, Plaintiff is asking for a judgment amount of $189,684.24, which is a difference of $49,744.00.

On January 16, 2019, Plaintiff filed a second Statement of Account dated August 28, 2018, and in the docket text added this: "CONTINUATION OF EXHIBITS to 7 MOTION for Default

Judgment as to HHI Staffing Services, Inc. Filed to replace Exhibit F." That exhibit, ECF No. 9, shows amounts due as follows:

| Policy Number | Effective Date | Description | Amount Due |
|---|---|---|---|
| WC 5714475-00 | 1/26/16–1/25/17 | New Business | $110,424.00 |
| WC 5714475-00 | 1/26/16–1/25/17 | Endorsement | 2,751.00 |
| WC 5714475-00 | 1/25/16–1/25/17 | Audit | 88,130.00 |
| WC 5714475-01 | 1/25/17 | Renewal | 174,332.00 |
| WC 5714475-01 | 1/25/17 | Audit | -11,323.00 |
|  |  | Fees | 6.00 |
|  |  | Payments | -174,635.76 |
| Total Amount Due |  |  | $189,684.24 |

Thus, ECF No. 9 comports with Totzke's affidavit, confirming that the total amount owed is $189,684.24. Since the audit dates differ, pre-judgment interest is computed for each of the two policies, and amounts to $3,885.09 on the 2016 policy, and $30,663.12 on the 2017 policy, for a total of $34,548.21 as of January 25, 2019.

The law entitles Defendant to post-judgment interest. 28 U.S.C. § 1961. The Court has discretion regarding interest rate. One option is to use the rate permitted by § 1961. The other is to use the rate permitted by N.Y. C.P.L.R. 5004. In *FCS Advisors, Inc. v. Fair Finance Co., Inc.*, 605 F.3d 144 (2d Cir. 2010), the Court of Appeals held that in diversity cases, the federal rate specified in § 1961 applies unless the parties, by contract, have agreed to a different rate. The Court's review of the motion papers does not reveal evidence of an agreement on a rate different from the one authorized by § 1961.

Although Plaintiff makes several requests for an award of attorney's fees, it has not provided any information showing an entitlement to such an award, or for any calculation should the Court grant the request. Accordingly, it is hereby

ORDERED, that Plaintiff's motion for default judgment, ECF No. 7, is granted; and it is further

ORDERED, that the Clerk enter judgment in favor of Plaintiff and against Defendant in the amount of $189,684.24 and $34,548.21 of pre-judgment interest, for a total of $224,232,45; and it is further

ORDERED, that the post-judgment interest rate shall be calculated pursuant to 28 U.S.C. § 1961; and it is further

ORDERED, that Plaintiff file a bill of costs pursuant to W.D.N.Y. Loc. R. Civ. P. 54 and Fed. R. Civ. P. 54; and it is further

ORDERED, that any request for an award of attorney's fees be made not later than 20 days after entry of judgment and that the supporting papers show the legal basis for such an award, and the factual basis for calculating the amount of such an award; and it is further

ORDERED, that Plaintiff serve a copy of this Decision and Order and the Clerk's entry of Judgment on all parties within five days of receipt of both.

DATED:	January 25, 2019
	Rochester, New York

	/s/ Charles J. Siragusa
	CHARLES J. SIRAGUSA
	United States District Judge